### Henry L. WOODING; Phoebe G. Wooding, his wife

v.

### UNITED STATES of America

---

**Henry L. Wooding, Appellant.**

**No. 07–4695.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Feb. 26, 2010.

Opinion Filed: March 9, 2010.

BEFORE: CHAGARES, STAPLETON
and LOURIE,* Circuit Judges.

*OPINION OF THE COURT*

STAPLETON, Circuit Judge:

Appellant Henry Wooding filed this civil action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.,* alleging that he was injured during a surgical procedure at the Department of Veterans Affairs Medical Center in Pittsburgh, Pennsylvania. Wooding appeals the order of the District

* Hon. Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by desig-    nation.

Court granting summary judgment to the United States.

Because we write only for the benefit of the parties, we assume familiarity with the facts of this civil action and the proceedings in the District Court. We will affirm essentially for the reasons stated by the District Court.

## I.

In 2001, Wooding was referred to the orthopedic clinic at the Veterans Affairs Medical Center in Pittsburgh, Pennsylvania. There, he was treated by Dr. Peter Dirksmeier, an orthopedic surgeon. At all times relevant to this lawsuit, Dr. Dirksmeier was an orthopedic spinal surgery fellow at the University of Pittsburgh Medical Center.[1] As part of his medical treatment, Wooding and Dr. Dirksmeier discussed the possibility of surgery, including the risks and benefits of undergoing spinal surgery. Wooding claims that he inquired about Dr. Dirksmeier's level of experience when he and Dr. Dirksmeier were discussing the possibility of surgery. According to Wooding, Dr. Dirksmeier's answers gave him the impression that he had significant experience performing surgery. Wooding also alleges that Dr. Dirksmeier did not inform him that he had only recently completed his residency. Wooding claims he would not have allowed Dr. Dirksmeier to operate on him, if he had been aware of his actual level of experience.

In July 2001, Wooding underwent surgery. He alleges that, during the surgery, "a surgical bite was taken, which punctured the dura ... resulting in the flow of cerebrospinal fluid." [A 11] As a result of the surgery, Wooding claims that he experienced a loss of feeling from the chest to the feet and extreme pain in his neck and shoulders, among other injuries. In 2003, Wooding filed an administrative claim, claiming that he had been injured as a result of medical negligence and seeking $1,500,000 in damages. Two years later, he wrote a letter requesting that his claim be amended to add an informed consent claim and increase the damages sought to $2,500,000. The United States denied his claim, and Wooding filed this civil action.

Wooding's complaint included two counts, but only Count One is at issue in this appeal.[2] In Count One, Wooding alleged a cause of action under the doctrine of informed consent, claiming that he would not have consented to the surgery if he had been accurately informed of Dr. Dirksmeier's experience and the risks of the surgery. However, Wooding subsequently renounced any claim based on a failure to inform him of the risks of the surgery in his response to a government motion for partial summary judgment. The District Court then allowed Wooding to proceed with Count One solely on a theory of misrepresentation.

Before the bench trial, the United States moved for summary judgment on the misrepresentation claim, arguing that summary judgment was appropriate because Wooding had not produced a medical expert who would testify that Wooding's injuries were proximately caused by Dr. Dirksmeier's alleged lack of experience performing surgeries. The District Court granted the Government's motion, concluding that expert testimony was required to establish that Wooding's injuries were

---

1. Dr. Dirksmeier completed his residency in orthopedic surgery in 2000.

2. Count Two alleged a cause of action based on "malpractice, negligence, and wrongful conduct." The District Court granted summary judgment on Count Two in favor of the United States, and Wooding has not appealed that order.

caused by Dr. Dirksmeier's alleged inexperience, not by the surgery itself. Wooding filed a timely appeal of that order.

## II.

Under Pennsylvania law, a plaintiff alleging intentional misrepresentation must show "1) a representation, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, 4) with the intent of misleading another into relying on it, 5) justifiable reliance on the misrepresentation, and 6) resulting injury proximately caused by the reliance." *Porreco v. Porreco,* 571 Pa. 61, 811 A.2d 566, 570 (2002); *Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555, 560 (1999).[3] The Supreme Court of Pennsylvania has recognized the potential viability of a claim of intentional misrepresentation in a case where a doctor misrepresents his qualifications to a patient. *See Duttry v. Patterson,* 565 Pa. 130, 771 A.2d 1255, 1259 (2001).[4]

Here, Wooding alleged that Dr. Dirksmeier and the Veterans Affairs Medical Center misrepresented Dr. Dirksmeier's level of experience and gave Wooding the impression that he had more experience performing surgeries than he actually had. Accordingly, to make out a claim for intentional misrepresentation, Wooding was required to show that his injuries were proximately caused by his reliance on Dr. Dirksmeier's alleged misrepresentations. *See Bortz v. Noon,* 729 A.2d at 560. Thus, in this case, Wooding must show that his injuries were caused by Dr. Dirksmeier's alleged lack of experience, and

not simply a result of the surgery. This requires expert testimony, because the causal link is not obvious to a lay person. *Cf. Quinby v. Plumsteadville Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1070–71 (2006) (recognizing that a plaintiff must produce a medical expert to testify as to causation in "all but the most self-evident medical malpractice actions"). Wooding concedes that the expert he has retained will only testify that the injuries were caused by the surgery, not by Dr. Dirksmeier's alleged lack of experience. Accordingly, the District Court correctly granted summary judgment on his misrepresentation claim.

On appeal, Wooding argues that expert testimony on the issue of whether Dr. Dirksmeier's alleged inexperience caused his injuries is unnecessary. Instead, he contends that he is only required to show that he would not have consented to an operation performed by Dr. Dirksmeier, if he were aware of his actual level of experience. Essentially, he is making an argument under the doctrine of informed consent. The Supreme Court of Pennsylvania foreclosed this possibility in *Duttry,* when it held that a doctor's misrepresentations about his experience was irrelevant to an informed consent claim. *See* 771 A.2d at 1259. Therefore, Wooding's argument fails, and the grant of summary judgment was appropriate.

Because we affirm the District Court's decision, we need not address the Government's alternative argument that Wooding's amendment to his claim was untimely or Wooding's request that we provide

---

**3.** The parties agree that Pennsylvania law applies to Wooding's claim because all of the events relevant to the civil action occurred in the Commonwealth.

**4.** A plaintiff may now assert such a claim under Pennsylvania's informed consent statute. *See* 40 Pa. Stat. Ann. § 1303.504(d)(2). The parties agree that this cause of action was not available when Wooding's injuries occurred.

guidance on the type of damages that are available in this civil action.

## III.

For these reasons, we will affirm the order of the District Court.